1830.

Davis
v.
Mapes.

---

### Davis and Brooks *vs.* Mapes and others.

Where the defendant in his answer denies all knowledge of a fact charged in the bill, but admits his belief as to the facts charged, it is not necessary for him to deny any information on the subject.

The complainant is entitled to an answer to every fact charged in the bill, the admission or proof of which is material to the relief sought, or is necessary to substantiate his proceedings and make them regular.

The defendant must answer as to all facts within his knowledge, or which he can ascertain from an inspection of books and papers in his possession or under his control.

If the further answer which is called for by the complainant's exceptions can be of no possible use to him, the first answer is sufficient, and the exceptions cannot be sustained.

As a general rule, if the charge in the bill embraces several particulars the answer should be in the disjunctive denying each particular; or admitting some and denying the others according to the fact.

THIS case came before the chancellor on exceptions to a master's report, allowing certain exceptions to the answer of the defendant Mapes, for insufficiency.

*April 5th,*

*J. Blunt,* for the complainant.

*C. Edwards,* for the defendant.

THE CHANCELLOR. The first, second, sixth, seventh and eighth exceptions allowed by the master, all depend upon the same principle. The first relates to matters charged in the bill as having ocurred between the complainants and other persons; as to which, it is not pretended the defendant Mapes has any knowledge, except from the information of others. The four last relate to judicial proceedings against another person, such as the issuing of a writ, the verdict given by a jury, and the judgment and execution founded there-

1830.

Davis
v.
Mapes.

on.  As to all these matters, the defendant answers, in sub-
stance, that he believes they are true as stated in the com-
plainant's bill; but that he knows nothing as to those matters,
except from what is set forth in the bill; and he craves leave
to refer the complainants to the proof thereof.

It is insisted by the complainant's counsel that the defend-
ant should have denied all information, as well as knowledge ;
or that he should have admitted that he had been informed
thereof.    And on this ground I presume the master allowed
these exceptions.   The true way to ascertain whether an al-
legation in the bill or an omission in an answer is material, is,
to enquire whether a further answer, stating or admitting the
fact in that manner which would be most favorable to the
complainant, would be of any benefit to him.     The com-
plainant is entitled to an answer to every fact charged in the
bill, the admission or proof of which is material to the relief
sought, or to substantiate his proceedings and make them
regular.    Although he might prove the fact by other testi-
mony, if it is within the knowledge of the defendant, or is
contained in books or papers in his possession or legally un-
der his control, the complainant is entitled to his answer as
to that fact, to save the expense of other proof.

In this case the defendant admits his belief in the truth of
the matters alleged.    If he had admitted also that he had
been so informed by the parties and their attornies, but had
denied all knowledge on the subject, and referred the com-
plainants to the proof thereof, would they be in any better
situation as to the proof of the fact, than they are under the
present answer? It is not necessary to decide, in this stage
of the cause, whether the defendants admission of his belief
of the facts, under the qualifications therein contained, would
be sufficient evidence thereof at the hearing.    If further
proof is necessary under the present answer, it would be
equally so if he stated his information as well as his belief,
and referring the complainants to proof of the fact.  In Am-
hurst v. King, (2 Sim. & Stu. 183,) the defendant answered,
"It might be true for any thing he knew to the contrary,
that," &c. as in the bill: but that he was an utter stranger
to all and every such matters, and could not form any be-

lief concerning them; and the answer was held sufficient. Here the defendant says he knows nothing of such matters, except from what is set forth in the complainant's bill. This is in effect denying that he has any other information concerning them. In *Jones* v. *Wiggins*, (2 Young & Jervis' R. 385,) one of the assignees of a bankrupt put in an answer, stating that his name had been used in the action at law without his knowledge or authority; that he had not acted as assignee, except in some trifling particulars not connected with the matters mentioned in the bill; that he was wholly ignorant of the matters therein stated, and could not make any other answer thereto as to his knowledge, belief, or otherwise. The lord chief baron assented to the proposition, as a general one, that a defendant answering was bound to answer fully; but he considered that no benefit could be derived from requiring a further answer in that case. And that a further answer would only be a waste of time and expense. The exceptions were therefore overruled, with costs. Upon the same principle the master should have overruled these exceptions.

The third exception relates to facts which may be material in the further prosecution of this cause. As the defendant has undertaken to answer those particular allegations in the bill, he should have answered them fully.

The fourth exception was properly allowed by the master. The defendant does not admit, or deny, that coffin had the actual control of the goods; he believes he continued in possession, but denies that he had the legal control, because the execution was upon them. If he knew that the sheriff permitted Coffin to continue in possession and to have the actual control of the goods, he should have admitted the fact, instead of stating it as a matter of belief only. If he had no knowledge of the fact, he should have so stated it in his answer. It would then have been sufficient to state his belief, without an express admission of the fact charged. The averment of legal control in the sheriff is a matter of law which the defendant may insist upon in his answer, but he must give a full answer as to all the facts charged, so that the court

may see whether he is right in his legal inference, and whether it can be available to him on the hearing.

The fifth exception is also well taken. In this case the defendant has answered literally as to a charge in the bill, laid to be done with divers circumstances, He should have answered explicitly each distinct part of the charge : As whether Coffin did at any, and if at any, at what time, between the issuing of the execution and the fire, sell the goods levied on, or any part thereof; and if any, what part; and whether the defendant, or the sheriff, had knowledge of the fact and permitted him to do so, or attempted to hinder him. And if he sold any goods, whether he accounted with, and paid over to the sheriff or to the defendant Mapes the proceeds thereof, or otherwise. The answer as it now stands is a negative pregnant, and the material part of the charge may be true. As a general rule, when the charge in the bill embraces several particulars, the answer should be in the disjunctive, denying each particular, or admitting some and denying the others, according to the fact. (1 *Grant's Ch. R.* 148. *Hoffman,* 263.)

The two first and the three last exceptions to the answer must be overruled. The master's report as to the third, fourth and fifth exceptions is confirmed, and the defendant must put in a further answer to them within twenty days after service of a copy of the order, or the bill may be taken as confessed. A majority of the exceptions referred not being allowed, neither party is entitled to costs on the reference. And neither is to have any costs upon the hearing of the exceptions to the master's report.