## GORDON'S ADMINISTRATRIX *vs.* HAMMELL.

A partner, bound to account, must give a clear, distinct, and intelligible statement of the results of the business, referring also to particular books, and to the page, if necessary, so that a party entitled thereto may inquire into and investigate its correctness. A reference to the books of the concern, generally, and to former accounts, is not sufficient.

This was an appeal from the report of the master sustaining the exceptions of the complainant to the defendant's answer.

*Mr. C. A. Skillman,* for appeal.

*Mr. G. A. Allen,* contra.

THE CHANCELLOR.

The bill in this case prays an account. The defendant is alleged to have been a partner with the intestate, the husband of the complainant, in his life, and to have continued the business with the complainant for the benefit of the estate, since his death. One part of the business in the life of intestate was a branch establishment at Trenton, under the exclusive charge of the defendant, the assets of which were, at request of the intestate, brought by the defendant to Lambertville, where the business was continued. An account was asked of the assets and money brought by the defendant from Trenton, and of the partnership business before and since the death of the intestate, Gordon.

The defendant admits entering into agreements of partnership by parol, which he says were not carried out by

Gordon. He admits that they transacted business as partners, and that he, to a certain extent, at the complainant's request, went on with the business for their common account, since the death of Gordon.

Under this state of facts, the complainant is entitled to an account from the defendant, and he is bound, in his answer, to give a full account of the business, so far as he is able to do it by means within his power or accessible to him.

The exceptions to his answer are, that he has not answered directly, but by a reference to the books of the concern, and by referring to former accounts rendered or shown to the complainant; that he has omitted to state not only the particulars and items of every dealing, but the results, so as to enable the complainant to inquire and investigate whether he has stated them correctly.

The answer appears to me to be defective and insufficient in the matters excepted to, for these reasons : it gives no statement of the amount of the purchases for the Trenton business, or of the amount of the sales in it; of the amount of the receipts on those sales, and of the amounts still due, or of the losses on the sales. It gives no account of the cash or bills receivable, transferred from the Trenton business to Lambertville, or of the amount of merchandise taken to Lambertville from Trenton. He need not give the items of each account, or copy the books to annex to his answer; that would be an outrage not to be tolerated; but he could state the results, and refer to the book in which the account is, to verify it, giving the page of the book, if necessary. So, with regard to the wood bought and sold on common account, he could have answered as to the quantity bought, the price paid, and the amount received for it, and the expenses incurred in the matter. In the extent or particularity with which accounts are to be set out, there is much room for the exercise of judgment and discretion; but here they are not sufficiently stated, according to the settled rules in such cases. 1 *Dan. Chan. Prac.* 738; *White* v. *Williams*, 8

*Ves.* 193 ; *Christian* v. *Taylor*, 11 *Sim.* 401 ; *Davis* v. *Mapes*, 2 *Paige* 105.

The master's report must be confirmed, the exceptions sustained, and the answer adjudged insufficient.